DOMENGEAUX, Judge.
Sandra Faye Castille was married to Michael Sherman Landos on October 19, *948 1974; of this union three children were born. On July 18, 1984, the husband filed for divorce on the grounds of abandonment and adultery, and in the alternative, for separation a mensa et thoro. The husband also prayed for custody of the three minor children and for child support and alimony pendente lite. A separation was ultimately awarded. By judgment dated September 12,1984, the trial court awarded custody of the minor children to their father and ordered the mother to pay child support and alimony pendente lite in the total monthly sum of $200.00. It is important to note here that the judgment does not specify what portion of the monthly award is child support and what part is alimony pendente lite.
The appellant, Sandra Faye Castille, has appealed the judgment awarding alimony pendente lite and child support. Specifically, the appellant complains that:
(1) The judgment does not specify what part of the $200.00 award is alimony pendente lite and what part of it is child support;
(2) The appellant is financially unable to meet the obligation imposed by the trial court;
(3) The appellee failed to prove he was entitled to alimony pendente lite.
The few facts necessary to our determination of the issues on appeal are as follows: Until 1977 the appellee worked and provided for his family while his wife stayed home with the children. However, the appellee became partially disabled following an accident in 1977. From that time forward the appellee became a “house-husband” and the appellant became the breadwinner of the family. This arrangement continued until June of 1984 when the ap-pellee returned home from an alcohol treatment center to find that his wife had abandoned him. Sometime thereafter the appel-lee returned to his wife’s residence and “rescued” his children from an allegedly unhealthy environment.
At the hearing on the rule to show cause why the mother should not be required to pay alimony pendente lite and child support, the mother presented evidence that her net monthly income was $443.44 and that her expenses were $496.00 per month. The father and custodian of the three minor children submitted an affidavit itemizing his monthly expenses at $574.10, which is offset by a $221.00 per month food stamp allotment. On these facts the trial judge awarded the appellee-father an in globo award of $200.00 per month for child support and alimony pendente lite.
The appellant’s first complaint with the trial court judgment addresses the issue of the validity of the “in globo” nature of the award. Although the appellant has cited no authority prohibiting an award which fails to enumerate the amounts attributable to child support and alimony pendente lite, and even though our own research has revealed no cases on the subject[1], we feel the better practice is for the trial court judgment to specify what part of the award is child support and what portion is alimony pendente lite. The appellant contends that such a distinction will simplify future litigation of child support modifications and permanent alimony. Although we refuse to indulge in speculative reasoning, we do note that without a specification of amounts attributable to the children and the father, our review of those awards is severely hampered.
For the above reason we find it necessary to remand this case to the trial court for a specification of the award. We also suggest that the trial judge take this opportunity to review the amounts awarded as child support and alimony pendente lite in light of the circumstances of the parties. Further, written reasons for those awards *949 would help to flesh out a bare-bones transcript.
For the above and foregoing reasons the judgment of the district court is remanded to the trial court for the purpose of designating specified alimony pendente lite and child support awards, and for such review which it considers proper, not inconsistent with our suggestions herein.
Appellate costs are assessed against ap-pellee.
REMANDED.

. Our research has brought to light only one reported case wherein the trial court failed to specify what part of the monthly award was for child support and what portion was alimony. Miller v. Miller, 321 So.2d 318 (La.1975). However, the Court was careful to point out that it did not reach the issue of the validity of the "in globo” award or the method used to determine which part was child support and which was alimony. Therefore, Miller lends us no assistance.