508 So.2d 162 (1987)
Frieda Mae Trestman Gottsegen, Wife of Warren Lee GOTTSEGEN
v.
Warren Lee GOTTSEGEN.
No. CA-6523.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
*163 Robert C. Lowe, Edith Henderson Morris, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for defendant/appellant.
Lanny R. Zatzkis, Karen D. McCarthy, Lawrence E. Mack, Fawer & Zatzkis, New Orleans, for plaintiff/appellee.
Before CIACCIO, WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
This is an appeal from a decision of the trial court finding that defendant Warren Lee Gottsegen was liable to plaintiff Frieda Mae Trestman Gottsegen for past due alimony. Defendant appeals the ruling that he was in arrears. Plaintiff has answered the appeal seeking an increase in the award, interest, and attorney's fees.
On April 3, 1985, plaintiff filed a rule to fix permanent alimony. The hearing date was continued several times, and judgment ordering defendant to pay $3,750.00 a month was rendered on December 11, 1985. Pursuant to La.R.S. 9:310, the award was retroactive to April 3, 1985 subject to credit for any support provided by defendant during the period of time between the filing of the rule and the judgment. Defendant asserted that payments he made should be credited against the amount of alimony he owes plaintiff, and stopped payment of support in April claiming that the credits would be offset. Plaintiff filed a Rule for Contempt alleging defendant to be in arrears with his alimony payments. After an evidentiary hearing, the trial court found defendant to be behind $3,789.09 in payments. No reasons for judgment were given. We have reviewed the evidence presented and are unable to determine how this figure was calculated. We also find that it is erroneous.
We are able to gather from the testimony and argument heard at the hearing that some type of agreement exists or had existed between plaintiff and defendant whereby defendant paid money to plaintiff. The nature of this agreement and the reasons therefor were not made part of the record. We will address these issues as if an agreement did not exist.

PRE-JUDGMENT PAYMENTS
Between April 3 and December 11, 1985, defendant made a number of cash payments to plaintiff, totalling $14,280.00. There is no evidence in the record to establish the nature and purpose for these payments. We cannot conclude that they were made for support. Defendant should not be allowed to offset this amount against alimony owed without additional proof.
We have also concluded that defendant should not be allowed to offset several other items which could not be considered as items necessary for support: veterinarian and cable television bills, amounting to $71.70.
The original judgment ordering defendant to pay $3,750.00 a month is not in the record. We are unclear as to how this amount was calculated. At the hearing, however, the judge, who had presided over the original rule, indicated that plaintiff was to pay the house note with her alimony (Tr. at 119). We, therefore, conclude that defendant should be credited for the monies paid on and for the home: mortgage payments, insurance, taxes, and improvements, totalling: $15,452.82. Other payments made by defendant were clearly for support: hospitalization and automobile insurance payments, lease payments on plaintiff's car, a gasoline bill, and a Sewerage and Water Board bill. These total $2,515.22. Defendant, therefore, should have been allowed a credit of $17,968.04 for payments made prior to the judgment.

*164 POST JUDGMENT PAYMENTS
After the December 11 judgment, defendant made the following payments to plaintiff:

 January 1 2,826.79
 January 22 2,826.79
 February 3,750.00
 March 3,750.00

We find no reason to conclude that the payments made in January do not include the $3,750.00 that defendant was required to pay that month. In effect, defendant is claiming that he is entitled to credit for the additional $11,491.25 that he paid in January. As with the cash payments made prior to the judgment, there is no basis for us to determine that these payments were made for support. We, therefore, cannot credit defendant for this amount.
At the hearing, it was determined that defendant owed plaintiff $44,625.00 in alimony. We have determined that he should be allowed a credit of $29,218.04, which represents amounts he expended on the house and on other items of support, and the payment of post judgment alimony. Defendant, therefore, was in arrears in the amount of $15,406.96.
La.R.S. 9:305 provides:
"When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney
In this case, no such award was made and no reasons for not doing so were given. Although a trial court has discretion in determining whether to make such an award, there is nothing in the record to support any finding of "good cause" not to make an award. See Edwards v. Edwards, 446 So.2d 976 (La.App. 3d Cir.1984). For these reasons, plaintiff is awarded costs and attorney's fees in the amount of $2,500.00.
The decision of the trial judge finding defendant to be in arrears is affirmed and amended to reflect the actual arrearages. All costs to be borne by appellant.
AFFIRMED AND AMENDED.
CIACCIO, J., concurs with reasons.
CIACCIO, Judge, concurring assigning additional reasons.
Dr. Gottsegen had the burden to prove that any payments made by him should be credited against the amount owed by him under the judgment. Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1st Cir.1983); Lynch v. Lynch, 422 So.2d 703 (La.App. 3d Cir.1982). This burden of proof applies to payments made prior to judgment, which are to be credited under La.R.S. 9:310(B), and to post-judgment payments which are not made clearly in satisfaction of the judgment. Dr. Gottsegen has carried this burden only as to some of the payments for which he claims to be due credit. As to those payments for which he carried his burden, this Court gives him credit. His failure to carry his burden as to other payments results in a denial of credit.
With the addition of these reasons to the majority opinion, I concur.