BARRY, Judge.
This appeal concerns two domestic judgments which involve custody, child support, alimony pendente lite, and use of the family home.
Colleen and Richard Fraser were married on August 31, 1981. On June 15, 1987 Colleen left the matrimonial domicile and two days later filed for a legal separation, custody of their 2½ year-old son, Brian, alimony and child support, and use of the family home.
On June 17,1987 Richard filed an answer and reconventional demand for a legal separation, custody of Brian, use of the family home.
Both parties asked for a temporary restraining order to prohibit harassment and alienation of community property.
The original hearing was set for August 5, 1987. However, on June 30, 1987 the trial court issued an ex parte order awarding Colleen provisional custody of Brian and set overnight visitation to Richard for one night a week and the entire weekend. This court granted certiorari (No. C-8178), set aside the ex parte order, and ordered the trial to conduct an immediate hearing on visitation and custody.
Richard’s rule for an expeditious hearing was set for July 10, 1987 and both parties agreed: to a continuance until July 24, 1987; to a family study by Dr. J. Robert Barnes and mediation with Julianne Has- *1099 pel; and temporary visitation to Richard on Sunday from 8:00 a.m. to 8:00 p.m., Tuesday and Thursday from 3:30 p.m. to 8:30 p.m., and on July 10 from 5:30 p.m. to 8:30 p.m. The judgment was signed August 10, 1987.
On July 27, 1987 Richard filed a rule to have Colleen return furniture which she had removed from the house.
After several continuances, on September 21,1987 the parties again continued the Rules and entered another consent judgment (signed September 24, 1987) which gave Richard visitation each Saturday from 4:00 p.m. until Sunday at 4:00 p.m. and each Wednesday from 4:00 p.m. until 4:00 p.m. Thursday. A third consent judgment on October 6, 1987 ordered a psychological evaluation of both parents and Brian by the Westbank Parenting Center on October 9, 1987.
A hearing was held October 12 and October 26, 1987 and the judgment (signed November 9, 1987) awarded joint custody of Brian.[1] Colleen was named the domiciliary parent from September through May with Richard to have visitation on Tuesday and Thursday from 6:30 p.m. until 8:30 p.m. and on alternate weekends from Friday at 6:00 p.m. until Monday at 8:30 a.m. Richard becomes the domiciliary parent from June through August with Colleen’s visitation on alternate weekends from Friday at 6:00 p.m. until Monday at 8:30 a.m.
Major holidays are to be alternated, Brian’s birthday shared, and he is to be with each parent on their birthday and Mother’s Day and Father’s Day.
Colleen was awarded use of the family home pending a partition of the community property. Richard was ordered to pay $2,000 a month alimony pendente lite and child support from September to May and $1,500 a month from June to August. A second judgment on November 9, 1987 ordered Colleen to return all of the property she removed from the matrimonial home.
Colleen’s application for a stay order and writs was denied on November 25, 1987 (C-9060). This Court noted that Colleen’s remedy was' to appeal on the issues of alimony, child support and visitation, advised that the trial court should allocate the alimony and child support, and found no error as to the furniture.
Colleen appeals the November 9, 1987 judgments with four specifications of error: [2]
(1) the award of joint custody;
(2) the award to Colleen of less visitation compared to Richard;
(3) insufficient alimony and child support;
(4) failure to apportion the award.
Richard’s brief argues that he should have custody of Brian for six months and the $2,000 award is excessive. However, Richard did not appeal or answer the appeal and his specifications are not subject to review. La.C.C.P. Art. 2133. Sims v. CRC Holston, Inc,, 442 So.2d 646 (La.App. 1st Cir.1983), writ denied 446 So.2d 316 (La.1984).
PHYSICAL CUSTODY AND VISITATION
Colleen argues that she should have full custody of Brian with reasonable visitation by Richard. Three experts testified at the hearing.
Dr. Camilla Cowardin, a psychiatrist retained by Colleen, submitted two reports which conclude that both parents have a good relationship with Brian and recommend joint custody. She stated that Colleen, the primary caretaker (on the basis of her observations of the child’s reactions) should have sole custody if joint custody was impossible.
Court appointed psychiatrist Dr. J. Robert Barnes also recommended joint custody, *1100 although he found that Colleen had suffered an earlier emotional disorder and Richard was overinvolved in his work and too reserved (perhaps is not affectionate). He testified that both parents loved Brian and both had the child’s best interest at heart. He said if joint custody was not possible he thought Richard should have sole custody.
Dr. Arthur Samuels, a psychiatrist who treated Mrs. Fraser for several years due to marriage problems, testified that Colleen has a healthy personality. He stated either parent could take good care of Brian, and noted that their personalities clashed when they were together.
Under La.C.C. Art. 146 there is a rebut-table presumption that joint custody is in the best interest of a minor child.
Joint custody does not necessarily mean an equal sharing of time. Black v. Black, 460 So.2d 1175 (La.App. 2d Cir. 1984), writ denied 463 So.2d 1318 (La.1985). Each case depends upon the child’s age, the parent’s availability and desires, and other factors. The paramount consideration is the best interest of the child. Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir. 1983).
An appellate court will not disturb the trial court judgment in a domestic case in the absence of manifest error. Lester v. Lester, 446 So.2d 493 (La.App. 4th Cir. 1984). In child custody cases, the decision should be overturned only when there is a clear abuse of discretion. Doucet v. Doucet, 465 So.2d 175 (La.App. 3rd Cir.1985).
The record and the experts support the feasibility of joint custody. We note there is no recommendation that Brian’s physical custody be divided 9 months/3 months. Our concern is Brian’s tender years and the usual judicial objective to avoid split physical custody for such a youngster. However, the record reveals that both parents are devoted to Brian, his pre-school program will continue with split custody, and his life should not be disrupted. We therefore find no manifest error in the custody provisions of the judgment[3].
There is no plausible reason to alter the visitation schedule when the parents exchange custody. We amend that part of the judgment to state that during June through August Colleen should have visitation on Tuesday and Thursday from 6:30 p.m. until 8:30 p.m. and on alternate weekends from 6:00 p.m. on Friday until 8:30 a.m. Monday.
SUPPORT
Colleen argues that $2,000 a month for nine months and $1,500 a month for three months is insufficient and should be $3,000- monthly.
Financial support to fulfill the parental obligation to maintain and educate children under La.C.C. Art. 227 shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. La.C.C. Art. 231. A child of divorced or separated parents living with the mother is entitled to the same standard of living as if he resided with the father whenever the father’s financial circumstances permit. Ducote v. Ducote, 339 So.2d 835 (La.1976). See also Guice v. Guice, 411 So.2d 663 (La.App. 4th Cir.1982). A child is entitled to be maintained on a basis commensurate with the family standard of living enjoyed before the breakup of the marriage. Ballanco v. Ballanco, 480 So.2d 1039 (La.App. 5th Cir.1985).
Colleen’s monthly expenses are as follows: $2,681.33 for herself and Brian and personal expenses of; $371 for Brian and $437.50 for herself. Her $3,489.83 total includes $485 for a car note which had been paid. Richard contested hospitalization and doctor bills, insurance premiums, $140 for gasoline, $50 for gifts and $50 for books and magazines for Brian, $120 for a maid, and $20 for a yard man. According to Richard’s tax returns, his gross income for 1986 was $96,596.96 and 1985 was $74,765.40. The award appears *1101 low, but under the circumstances we conclude the trial court did not abuse its discretion.
We do find error in the court’s reduction of the award to $1,500 during June-August. Colleen’s expenses are constant, i.e., to maintain the house, insurance, utilities and other fixed expenses which continue year around. See Ritter v. Ritter, 491 So.2d 149 (La.App. 3rd Cir.1986). We cannot substantiate a decrease of the award during the summer months and amend the judgment to provide that alimony/child support shall be $2,000 monthly for twelve months.
ALLOCATION OF AWARD
The trial court did not allocate the award between child support and alimony pendente lite.
During oral argument both counsel informed the Court that the parties had agreed on the breakdown and requested the matter be remanded. We remand this matter for the trial court to specify what part of the $2,000 award is alimony and what part is child support. See Lanclos v. Castille, 482 So.2d 947 (La.App. 3rd Cir. 1986). The balance of the judgment is affirmed as amended.
IT IS ORDERED that the judgment be amended: to provide Colleen Fraser with visitation of Brian during June through August on Tuesday and Thursday from 6:30 p.m. to 8:30 p.m. and on alternate weekends from 6:00 p.m. on Friday until 8:30 a.m. on Monday; that Richard Fraser pay Colleen Fraser the sum of Two Thousand ($2,000) Dollars per month for alimony pendente lite and child support. The judgment as amended is affirmed and the case remanded to allocate the support award between alimony pendente lite and child support.
AFFIRMED AS AMENDED, REMANDED IN PART.

. There was no mention of the Westbank Parenting Center report at the October 12 or October 26 hearing. Both parties attached the report to their briefs and stated during oral argument that they did not receive the report until November, 1987.

. Even though Colleen appealed both judgments she does not mention the furniture which is the subject of the second judgment.

. The writer generally favors sole custody for a three year old with liberal visitation by the non-custodial parent.