592 So.2d 920 (1991)
Stephen R. MESSINA
v.
Michelle Silverman, wife of/and Stephen R. MESSINA.
No. 91-CA-594.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1991.
*921 Bernard M. Plaia, Jr., Metairie, for plaintiff/appellant.
R. Scott Buhrer, New Orleans, for defendant/appellee.
Before BOWES, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Appellant, Stephen Messina, appeals the trial court judgment which awards joint custody of the minor child, designates appellee, Michelle Silverman, as primary domiciliary parent, and grants visitation to appellant of four months each year, including alternating Thanksgiving and Christmas Holidays. We affirm.
Appellant seeks to be the primary domicilliary parent and, in the alternative, seeks additional visitation rights. First, appellant contends that the trial judge erred in failing to consider whether or not it was in the child's best interest to remove him from Louisiana to California. Second, he argues the trial judge abused his discretion in not allowing appellant four six-week periods of visitation.
The parties were married on April 17, 1988 in Sacramento, California, the home city and state of appellee. On October 25, 1988 the child, Stephen R. Messina, Jr. was born in Sacramento. In February of 1989 the couple moved to Louisiana, appellant's home, and settled near his family in Jefferson Parish.
The couple physically separated in November of 1989 and on March 19, 1990, appellee moved back to California with the child, without notice to appellant. She filed suit for divorce in California on March 27, 1990. Appellant filed suit in Jefferson Parish for separation, custody and for the return of the child. The California proceeding was dismissed and appellee reconvened in the Louisiana action for custody and child support.
A petition for divorce was filed in December, 1990 and on February 7 and 8, 1991 the custody and visitation hearing was held. Judgment on the custody and visitation was read and rendered February 8, 1991. Judgment was signed on February 15, 1991. It was amended, pursuant to a Motion for New Trial, on May 6, 1991, clarifying the child support as being provisional, pending a full hearing on the issue. The divorce was granted on February 30, 1991.
In appellant's first specification of error, he complains that the child was taken out of state without his knowledge and that it is in the child best interest to be domiciled near his family in Louisiana, rather than in California. He contends the jurisprudence holds that the parent who attempts to remove a child from the court's jurisdiction must show there is good reason for the move, as well as that the move is in the child's best interest. In support thereof appellant cites numerous cases.
Appellee contends all the cases are distinguishable because the child herein was removed before any judicial proceeding had been commenced. She contends that she was the primary caretaker of the child during the marriage and separation and that *922 the move was in the child's best interest. She claims that she moved near her family and that her job prospects were better in the Sacramento area, as evidenced by her subsequent employment with a brokerage firm there.
The provisional and permanent custody of a minor child is regulated by the provisions of La.C.C. Art. 131 (see also La.C.C. Art. 134). Under C.C. Art. 131, the paramount consideration for an award of custody is the best interest of the child. In order to assist the court in making that determination, the article lists various factors the trial judge may consider, along with any other relevant factors.
In making a custody determination, the trial judge is vested with a "vast amount" of discretion. Bagents v. Bagents, 419 So.2d 460 (La.1982). Thus the decision of the trial judge in these matters is given great weight and should be overturned only where there is a clear abuse of discretion. Thompson v. Thompson, 532 So.2d 101 (La.1988).
In this case the testimony of all the witnesses showed that appellee, the child, and the Messina family developed a close and loving relationship. Appellant's father provided financial assistance and his mother and step-mother established a warm friendship with appellee. Everyone testified that both parties were good parents and both participated in the daily care of the child before the separation. Everyone testified that appellee had a rocky relationship with her mother. They stated that appellee telephoned her mother daily but each call would end in bickering. Further they stated her family provided minimal financial assistance to the couple during the marriage. Because of these factors, appellant argues it would be in he child's best interest to place him in his father's custody, in Louisiana, with liberal visitation rights to the mother.
Appellee testified that she left Louisiana because of financial considerations and to be closer to her family. She asserted that her mother provided emotional support after the separation, although she admitted that she and her mother periodically bickered over the telephone. From the time the child was eight months old, appellee worked as a waitress at Applebee's for minimum pay. Also, she generally took home good tips. Appellee's sister, who worked in a job placement company in Sacramento, informed appellee, after the separation, that the job possibilities in California were much better than in Louisiana. Ten days after her arrival in California, appellee began working for a brokerage firm. Appellee and the child live in a three bedroom house with a large backyard, located three blocks from her parents. The child has his own room.
This court reviewed the cases cited by appellant relative to custody when a parent moves or attempts to move out of state. We find those cases inapplicable to the facts herein. When appellee moved to California, she was under no obligation to remain in Louisiana. Thus, the move to California, absent evidence that it was detrimental to the child, is not, in and of itself, a reason to reverse the trial judge's decision. The evidence shows the move was made for sound reasons. However, she failed to notify appellant of the move or whereabouts of his child. These acts or omissions of appellee are adverse to the best interests of the child which is the main consideration in a custody determination. A natural father should know, at all times, the residence of his child. He should be notified both before and after a move. However, considering all the circumstances herein, these acts are not sufficient to conclude that the trial judge abused his discretion and thereby change the child's primary domicile. The evidence shows that both parents are willing to and can provide an environment conductive to the child's well-being. The trial judge decided it was in the child's best interest for him to live with his mother. After our review, we do not find the trial judge abused his discretion.
The appellant alternatively seeks an increase in the visitation period ordered by the trial judge. In this regard, he contends the expert testimony indicated it was in the child's best interest to spend extended periods with the non-custodial spouse to assist *923 in the child's adjustment to each change. Since appellee agreed in court to visitation of six-weeks, four times a year, appellant contends the trial judge abused his discretion in ordering four-week periods.
The trial court was presented with the testimony of two psychologists on the visitation issueDr. Steven York, a child psychologist and Dr. William Janzen, a clinical psychologist. Both were concerned that the child have ample time to adjust to the change from the mother's home to the father's home. Both agreed liberal visitation would be appropriate. But, Dr. York believed that visitation of six-weeks, four times a year, was too much time away from the primary caretaker. On the other hand, Dr. Janzen was of the opinion that the longer periods of visitation were necessary for the child to adjust to the change and that the anxiety caused by the child's separation from his mother could be minimized by frequent telephone contact and video tape communications.
The trial judge is also vested with much discretion in visitation matters. His findings will not be disturbed absent an abuse of discretion. Reynier v. Reynier, 545 So.2d 663 (La.App. 5th Cir.1989). Here the trial judge ordered visitation by appellant for four four-week periods with alternating Thanksgiving and Christmas.
Based on the evidence, we find that the order of the trial court is in the child's best interest as well as being fair to the parties. Consequently, we hold the trial judge did not abuse his discretion in the visitation order. However, since the primary concern is adjustment of a child of such tender years, as the child gets older, more and/or longer visitation would be appropriate.
Accordingly, the judgment of the trial judge is hereby affirmed.
Costs are to be paid by appellant.
AFFIRMED.