632 So.2d 307 (1993)
Sherril Herman, Wife of Ralph ZATZKIS
v.
Ralph ZATZKIS.
Nos. 91-CA-1623, 92-CA-0633, 92-CA-0717 and 92-CA-2637.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
Rehearing Denied March 17, 1994.
*309 Lanny R. Zatzkis, Karen D. McCarthy, Deborah M. Sulzer, Zatzkis & Associates, New Orleans, for appellant.
Walter C. Thompson, Jr., Barkley & Thompson, New Orleans, Avram C. Herman, Arthur A. Steiner, Metairie, and Warren A. Goldstein, New Orleans, for appellee.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Ralph Zatzkis appeals judgments for alimony pendente lite, child support, permanent *310 alimony, sanctions for contempt, interim housing allowances, and visitation, as well as a judgment finding that his petition for nullity had prescribed. Sherril Herman Zatzkis answers the appeals, asking for increases in alimony and child support, as well as compensation for the dependency tax exemption awarded to Ralph, and additional costs and attorney's fees.
Ralph Zatzkis and Sherril Herman Zatzkis were married on December 22, 1977 and had one daughter, Michele Elaine Zatzkis, who was eight years old as noted in the judgment granting the divorce in July 1992. Prior to the judgment of separation dated January 26, 1990, the parties entered into a consent judgment in November 1989. The former spouses had joint custody of the child with the mother being the custodial parent, living in the family home located at 3312 Octavia Street. In the consent judgment Ralph agreed to pay Sherril "$2,800 per month as alimony pendente lite."[1]
In January 1990 Sherril filed a rule for contempt and sanctions, claiming that Ralph had violated the terms of the consent judgment by withdrawing community funds to pay for Michele's educational expenses and for his own personal use and benefit. By judgment of May 2, 1990, the trial court found Ralph in contempt for using community funds and ordered Ralph to return various amounts to the community accounts and to pay $500 in attorney's fees. The court noted that Ralph was to account for certain funds when the community was partitioned. Ralph filed a suspensive appeal of this contempt judgment.
Sherril filed a rule for the court to fix permanent alimony and child support, and Ralph filed a rule requesting use and occupancy of the family home.[2] Several months after the hearings, Judge Giarrusso entered a judgment in November 1990, awarding child support in the amount of $1,450 per month retroactive to the date of the filing of the rule as well as additional child support expenses along with post-divorce alimony.[3] *311 Although the parties were to file for a divorce on the same day, the petition for divorce was not made.
In the reasons for judgment Judge Giarrusso stated that Sherril "is emotionally unfit to work in the legal profession in any capacity" but is capable of employment as an elementary school teacher. The trial court allowed three years for Sherril to acquire additional education for her teaching certification before the monthly post-divorce alimony was reduced from $1,500 to $1,000. The trial court based its award of child support and post-divorce alimony on Ralph's annual income of $160,000. Although the judgment itself designated the basic monthly child support figure as $1,450, the trial court allocated $1,500 for the basic monthly child support award in the reasons for judgment.
Ralph paid $2,800 designated as monthly alimony pendente lite as well as mortgage payments set forth in the original consent judgment through January 1992 but did not pay the child support.
Ralph appealed the November 1990 judgment and applied for writs in this court and the Louisiana Supreme Court, which granted relief in part on January 18, 1991, 573 So.2d 1115, based on the finding that because there was no judgment of divorce, the post-divorce alimony award was premature and was set aside. The case was remanded for permanent alimony to be determined at the time of divorce. Sherril filed an answer to the appeal of the November 1990 judgment.
Ralph continued to pay $2,800 monthly through January 1992. In July 1991 Sherril filed a rule for contempt to enforce the November 1990 judgment for the basic child support award of $1,450 ($1,500) per month. On August 21, 1991, Ralph filed a petition for nullity of the consent judgment, claiming that Sherril and her counsel procured that judgment through fraud and ill-practice. In response, Sherril filed exceptions of prescription, peremption and failure to state a cause of action. After a hearing the trial court on November 26, 1991 maintained Sherril's exceptions of prescription and no cause of action and dismissed Ralph's petition for nullity but denied sanctions. Ralph appealed.
Judge Giarrusso recused herself from the proceedings relating to the partition of community property, which were conducted by Judge Okla Jones. In November 1991 the parties entered into a settlement agreement for the partition of the community which was read into the record. After the partition was concluded, pursuant to a provision of the partition for immediate determination of the post-partition housing allowance pending divorce, Sherril filed a rule for Judge Giarrusso to fix the interim housing allowance. Ralph contended that Judge Giarrusso transferred from the domestic relations section and no longer had jurisdiction over the case. In a judgment of February 10, 1992 and an amended judgment of February 27, 1992, Judge Giarrusso ruled that she retained authority to review the issue and fixed the interim housing allowance at $1,177.20 monthly for a period of three months. Ralph appealed.
Ralph applied for supervisory writs which were denied by this court; however, the Louisiana Supreme Court reversed this court's ruling and held that the entire case had been transferred to Judge Jones on February 14, 1992 in Zatzkis v. Zatzkis, 592 So.2d 1309 (La.1992). The Supreme Court stated that its ruling was not based on lack of jurisdiction but in the interest of judicial efficiency to have the entire case heard by one judge, Judge Jones. Zatzkis v. Zatzkis, 594 So.2d 877 (La.1992).
In February 1992 Ralph began paying $1,450 and related child support expenses set forth in the November 1990 judgment, as well as the three month interim housing allowance but did not pay the $2,800 designated as monthly alimony pendente lite in the *312 consent judgment. Ralph stated that he would deposit the remaining sums in the court registry but the funds were not deposited.
On March 25, 1992 Judge Giarrusso filed supplemental reasons for the November 1990 Judgment, confirming that she did not intend to address or terminate the monthly $2,800 alimony pendente lite designated under the 1989 consent judgment.
After hearings Judge Jones rendered a judgment dated July 14, 1992.[4] By amended judgment of August 12, 1992 Judge Jones denied motions for a new trial and clarified the prior July 1992 judgment, including the determination that Ralph's net bonus equaled the gross bonus minus any mandatory deductions defined as federal withholding tax, state income tax, FICA and any interest required by law.
Ralph filed writs in this court and the Supreme Court when the payments for arrearages and sanctions were due in August 1992. After this court denied Ralph's writ application on August 6, 1992, the Supreme Court granted the application and ordered the July 1992 judgment stayed as it made the past due payments executory and held Ralph in contempt. The Supreme Court remanded the case to this court, noting that Ralph could not be held in contempt prior to a determination of the correct amounts due. Zatzkis v. Zatzkis, 602 So.2d 12, clarified, 605 So.2d 1069 (La.1992). On September 18, 1992 this court ruled that the amounts of past due alimony and child support in the Judge Jones' July 14, 1992 judgment were correct and that the $2,800 monthly alimony pendente lite under the consent judgment beginning in February 1990 remained in effect after Judge Giarrusso's November 1990 judgment. This court held that a suspensive appeal may not be taken from an arrearage support judgment and remanded the case to the trial court. After being denied further applications to the Supreme Court, Ralph paid arrearages and sanctions under the July 14, 1992 judgment. Judge Jones granted Sherril's request for additional attorney's fees of $12,000. Ralph appealed and Sherril answered the appeal seeking an increase in the amount of attorney's fees and costs (designated as appeal number 93-CA-0447).
On August 18, 1992, Ralph appealed the July 1992 judgment but later attempted to amend his motion for appeal to exclude an appeal on the divorce issue which suspended the judgment of divorce, leaving Ralph liable to pay alimony pendente lite. This court denied Ralph's motion to dismiss the appeal of the divorce judgment. Judge Jones denied Sherril's rule to recover past due payments of alimony pendente lite which Ralph claimed were not due after the July 1992 judgment. Sherril filed an appeal (designated as appeal number 93-CA-0366).
In a judgment dated November 9, 1992, Judge Jones awarded $8,700 in sanctions for Ralph's attempt to use a back-dated fee agreement between Ralph and his present attorneys for documentation of his expenses. Ralph also appealed that judgment (designated as appeal number 93-CA-0447).
*313 Ralph entered four appeals which are consolidated as follows:
No. 91-CA-1623 Review of Judge Giarrusso's November 1990 judgment with respect to the November 1989 consent judgment;
No. 92-CA-0633 Review of Judge Giarrusso's November 1991 judgment dismissing Ralph's petition for nullity of the consent judgment based on prescription and no cause of action;
No. 92-CA-0717 Review of Judge Giarrusso's February 1992 judgment awarding three months interim housing allowance to Sherril after the partition of community property; and
No. 92-CA-2637 Review of Judge Jones' July 1992 judgment.

Appeal Number 91-CA-1623
In appeal number 91-CA-1623 concerning the consent judgment and Judge Giarrusso's 1990 judgment, Ralph argues that the $2,800 set out in the consent judgment as monthly alimony pendente lite consisted of alimony pendente lite and child support. He claims that the 1990 judgment superseded the consent judgment and by its silence, the 1990 judgment denied alimony pendente lite. Generally when a judgment is silent with respect to a party's claim, it is presumed that the trial court denied the relief sought. Testa Distributing Co., Inc. v. Tarver, 584 So.2d 300 (La.App. 1 Cir.1991); Plunkett v. D & L Family Pharmacy, Inc., 562 So.2d 1048 (La. App. 3 Cir.1990). A judgment awarding alimony pendente lite remains in effect until it is judicially modified or terminated or until divorce. Mason v. Mason, 451 So.2d 1257 (La.App. 4 Cir.1984).
Ralph also complains that the trial judge had no jurisdiction to add alimony pendente lite in the supplemental reasons for judgment dated February 27, 1992. The Louisiana Supreme Court clarified its earlier ruling stating that the transfer of the entire case to Judge Jones was not based on jurisdiction but was ordered to provide judicial efficiency. Zatzkis v. Zatzkis, 594 So.2d 877 (La.1992). Judge Giarrusso retained jurisdiction to amend her reasons for judgment. By declaring that the alimony pendente lite award remained in effect, Judge Giarrusso did not make a substantive change and the 1990 judgment did not terminate alimony pendente lite designated in the consent judgment.
Ralph states that the parties agreed that although the $2,800 was designated as monthly alimony pendente lite in the consent judgment, that figure included alimony pendente lite and child support. Sherril's attorney instigated correspondence suggesting that for tax purposes the parties could designate all payments as alimony pendente lite. This included the school tuition (which Sherril would pay after receiving funds for tuition as alimony from Ralph). Since only $2,800 was designated as alimony pendente lite in the consent judgment, it would be reasonable for Sherril's attorney to presume that an agreement had not been reached, that Ralph had turned down the proposal, and the terms of the consent judgment designated alimony pendente lite as such, along with other payments which were not designated as alimony pendente lite but which Sherril's attorney thought were child support.
Although Ralph's previous attorneys, Mr. Phillip Wittmann and Ms. Denise Pilie, may have thought that the $2,800 alimony pendente lite was classified as such for tax purposes, but actually included child support, neither Mr. Wittmann nor Ms. Pilie set out in any pleading, letter or notation what portion of the $2,800 figure was child support.
In his November 1, 1991 deposition, Sherril's attorney asked Mr. Wittmann: "What portion of the $2,800 per month, in your terminology, was really alimony pendente lite and what portion was really child support?" Mr. Wittmann responded: "It was all both, it was an undivided interest in the entire sum to be used in Sherril's discretion." Mr. Wittmann stated that because the parties agreed in the consent judgment that either party could ask for a de novo hearing without a change of circumstances, the figures in the consent judgment could not be used as evidence. He thought it was unnecessary for the $2,800 figure in the consent judgment to be divided into alimony pendente lite and child support.
*314 Although a consent judgment may include a provision for de novo review, the court will review the terms of a consent judgment to ensure a fair result. Aldredge v. Aldredge, 477 So.2d 73 (La.1985). It was incumbent upon Ralph or his attorneys to designate the amount considered as child support if they intended to claim that the $2,800 figure included alimony and child support.
Ruling on Ralph's application for supervisory writs, in September 1992 this court noted that the entire $2,800 alimony pendente lite was deducted on the tax return and both Sherril and Ralph signed the consent judgment. This court concluded that the $2,800 monthly alimony pendente lite award was due from the time of the consent judgment continuing until the July 1992 judgment (which awarded the divorce and permanent alimony), and that Judge Jones' calculations of past due alimony pendente lite in his July 1992 judgment were correct. Ralph failed to show that the $2,800 amount included child support or that alimony pendente lite was terminated by Judge Giarrusso's 1990 judgment.
With respect to Judge Giarrusso's 1990 judgment, Ralph further argues that the support and alimony pendente lite awards were excessive whereas Sherril contends they were insufficient. Ralph avers that Sherril should have been assessed with the income of an attorney to satisfy the earning capacity provision contained in LSA-C.C. art. 112(A). Sherril asserts that the law does not require a spouse to abandon one profession to pursue another and teaching nursery school should not preclude her from receiving alimony. Johnson v. Johnson, 452 So.2d 322 (La.App. 4 Cir.1984), writ denied 458 So.2d 486 (La. 1984).
Dr. Morris J. Weisler, testifying on Ralph's behalf as an expert witness in psychiatry and psychoanalysis, found that based on no evidence of medical disability, Sherril is capable of practicing law. Dr. H. Gunther Perdigao, a psychiatrist, and Dr. Mollie Wallick, a psychologist who engaged in child and adult counseling, testified on Sherril's behalf. They opined that Sherril is psychologically and emotionally incapable of practicing law. The parties provided contradictory evidence as to Sherril's earning capacity. The reviewing court must give great weight to factual conclusions of the trier of fact; where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Virgil v. American Guarantee & Liability Ins., 507 So.2d 825 (La.1987); Miller v. Miller, 602 So.2d 330 (La.App. 4 Cir.1992). Based on the evidence we agree with Judge Giarrusso's conclusion that Sherril is emotionally unfit to work in the legal profession but that Sherril could become a qualified elementary teacher provided she fulfills the educational requirements to become certified.
Ralph also claims that Sherril's expenses should not be equally divided between Sherril and Michele, that Sherril included maintenance and repairs that were non-recurring items, and that expenses for a burglar alarm and police patrol service were unwarranted. He asks that this court reject other items such as expenses for cosmetics, dues for the Jewish Community Center, parking, gifts, and psychiatric care which were reimbursed by insurance but were listed in full as part of Sherril's expenses.
Ralph maintains that Sherril had separate assets including $37,000 in jewelry, property and an ownership interest in her father's succession, life insurance proceeds from her father with a face value of $3,027 which Ralph contends totaled $12,000, as well as one-half of the community. However, Sherril's testimony showed that the jewelry was in trust for Michele. Sherril did not have access to her portion of her father's inheritance because it is in the form of a one-fourth interest in a spendthrift trust. Sherril was entitled to no income during the life of her mother who is trustee and income beneficiary. A spouse cannot be forced to sell non-liquid assets or the family home to support herself and her child. Green v. Green, 567 So.2d 139 (La.App. 2 Cir.1990). Sherril's mother provided loans to Sherril to pay expenses including extensive psychiatric treatments. The financial assistance provided by a parent does not relieve a spouse of the obligation of support of the other spouse. McCole v. McCole, 383 So.2d 55 (La.App. 2 *315 Cir.1980). A spouse's legal obligation to pay alimony is not obviated by the gratuity of another. Gray v. Gray, 451 So.2d 579 (La. App. 2 Cir.1984), writ denied 457 So.2d 13 (La.1984).
Sherril asserts that Judge Giarrusso improperly assessed Ralph's income at $160,000 rather than $175,000. At the time of the hearing the evidence contained Ralph's 1989 federal income tax return. Evidence must be limited to what existed at the time of the hearing. LaBruzzo v. Employers Ins. of Wausau, 521 So.2d 515 (La.App. 4 Cir.1988), writ denied 523 So.2d 1342 (La.1988); Thomas v. Hartford Ins. Co., 540 So.2d 1068 (La. App. 1 Cir.1989), writ denied 542 So.2d 516 (La.1989). Because later tax returns were not in evidence, they could not be considered. The trial court properly assessed Ralph's income as $160,000 taken from the 1989 tax return.
Sherril contends that Judge Giarrusso failed to include an award for housing expenses after the date of the partition or to include sums for Michele's psychiatric expenses as well as unreimbursed dental and eye care costs. Sherril asks for clarification of Ralph's right of reimbursement of the principal reduction of the mortgages incident to his payment of the mortgages on the family home. Sherril requests that the $1,450 per month child support in the 1990 judgment be changed to $1,500 as specified in the reasons for judgment. However, when the judgment and reasons for judgment conflict, the judgment controls unless an abuse of discretion is clearly found. Thurman v. Thurman, 521 So.2d 579 (La.App. 1 Cir. 1988); Lutz v. Jefferson Parish School Bd., 503 So.2d 106 (La.App. 5 Cir.1987), appeal after remand 565 So.2d 1071 (La.App. 5 Cir. 1990). Finding no clear abuse of the trial court's discretion, we conclude that the $1,450 figure designated in the judgment is the proper amount of monthly child support.
Sherril further states that the trial court improperly relied upon the child support guidelines. If the combined adjusted gross income of the parties exceeds the highest sum on the schedule of the Louisiana Child Support Guidelines, the court shall use its discretion in setting the amount of the basic child support obligation. LSA-R.S. 9:315.10(B). The trial court must consider the totality of the circumstances of each case in rendering an award of child support. Ecklund v. Ecklund, 513 So.2d 383 (La.App. 4 Cir.1987); Massingill v. Massingill, 564 So.2d 770 (La.App. 2 Cir.1990). The trial court did not abuse its discretion in considering the child support guidelines when reviewing the totality of the circumstances in this case.
The 1989 consent judgment and 1990 judgment do not specify that payment of the house notes was considered as additional child support or as a community debt which the husband was to pay to preserve the community property pursuant to LSA-C.C. art. 2367. See Freeman v. Freeman, 552 So.2d 636 (La.App. 2 Cir.1989); Kennedy v. Kennedy, 391 So.2d 1193 (La.App. 4 Cir. 1980), writ denied 396 So.2d 883 (La.1981), overruled on other grounds, McCoy v. McCoy, 460 So.2d 641 (La.App. 4 Cir.1984); Larsen v. Larsen, 583 So.2d 854 (La.App. 1 Cir.1991), writ denied 590 So.2d 63 (La.1991). In the 1989 consent judgment the parties agreed Ralph would receive credit for one-half of the principal reduction on the family home mortgage, which suggests that any other mortgage payments on the home would be considered part of the child support award. However, Ralph was responsible for the house notes only until the partition of the community, indicating that the mortgage payments were to preserve the community. Because the 1990 judgment provides that Ralph is obligated to pay the mortgages until the partition, the trial court reasonably could conclude that the mortgage payments were a community debt and Ralph should be reimbursed for one-half of the mortgage payments.
With respect to Sherril's request for clarification of Ralph's medical payments in the 1990 judgment, LSA-R.S. 9:315(3) provides:
"Extraordinary medical expenses" means uninsured expenses over one hundred dollars for a single illness or condition. It includes but is not limited to reasonable and necessary costs for orthodontia, dental treatment, asthma treatment, *316 physical therapy, uninsured chronic health problems, and professional counseling or psychiatric therapy for diagnosed mental disorders. [Emphasis added.]
The consent judgment provided that Ralph would pay for Michele's routine dental and eye care but excluded extraordinary dental and eye care expenses. The 1990 judgment did not mention dental and eye care but declared that Ralph "shall pay for all unreimbursed medical expenses." We conclude that the November 1990 judgment included child support payments of all of Michele's unreimbursed dental and eye care to be paid by Ralph.
Considering the totality of the circumstances, the trial court did not abuse its discretion in: continuing to provide for the payments of $2,800 in monthly alimony pendente lite; providing $1,450 as well as other assessments as monthly child support; and finding that Ralph should be reimbursed for one-half of his mortgage payments in the November 1990 judgment. However, the November 1990 judgment is clarified to include all of Michele's unreimbursed dental and eye care expenses to be paid by Ralph.

Appeal Number 92-CA-0633
In appeal number 92-CA-0633 Ralph contends that his claim for nullity of the consent judgment filed in August 1991 had not prescribed and that the consent judgment was obtained through ill practices and should be annulled pursuant to LSA-C.C.P. art. 2004. Sherril contends that not only does Ralph's petition for nullity fail on the merits, but the petition also failed to state a cause of action, had prescribed, and was raised by an improper collateral attack.[5] Sherril avers that attorney's fees should be awarded for a frivolous appeal under LSA-C.C.P. art. 2164 because of Ralph's insistence on reasserting his claims on appeal.
Ralph urges that Sherril's counsel instigated correspondence suggesting that the support payments should be allocated as alimony pendente lite for tax purposes which misled Ralph to believe that the $2,800 was designated in the consent judgment as alimony pendente lite but really included child support. Ralph argues that he was not aware of Sherril's claim that the entire amount of $2,800 was alimony pendente lite until after the November 1990 Judgment when he became aware of Sherril's intention to continue to have the $2,800 remain in force. Ralph notes that he was first notified that Sherril construed the $2,800 monthly payments in the consent judgment to be only alimony when Sherril filed a rule for contempt in July 1991.
The burden of proving that an action for nullity was brought within one year of the discovery of the alleged fraud or ill practice is on the petitioner seeking nullification. Gennuso v. State, 339 So.2d 335 (La.1976); Thomas v. Beasley, 295 So.2d 213 (La.App. 3 Cir.1974). A petitioner must show that he filed his action for nullity within one year of discovery of an alleged fraud or ill practice under LSA-C.C.P. art. 2004. Civello v. Johnson, 567 So.2d 643 (La.App. 4 Cir.1990), writ denied 569 So.2d 987 (La.1990).
In Sherril's memorandum dated February 2, 1990 and in various letters from Sherril's counsel to Ralph's former counsel, Sherril clearly disclosed that she deemed that the $2,800 monthly payments in the consent *317 judgment were alimony pendente lite while other payments were child support. At the March 1990 hearing when Ms. Pilie and Sherril's counsel disagreed as to the amount of child support designated in the consent judgment, Sherril's attorney again made Sherril's position clear that the $2,800 monthly payments were alimony pendente lite and the remainder of the consent judgment award was child support. Because Ralph filed his petition for nullity on August 21, 1991 more than one year after the memorandum, letters and March 1990 hearing, the trial court properly maintained Sherril's exception of prescription and dismissed Ralph's petition for nullity.
Appeals are favored and appellate courts are reluctant to impose a penal award of damages for frivolous appeals, which should be imposed only when it appears that the appeal was taken solely for delay or where appellant's counsel seriously does not believe he has a legal position. Michael v. Michael, 602 So.2d 1099 (La.App. 1 Cir.1992); Fouchi v. Fouchi, 442 So.2d 506 (La.App. 5 Cir.1983), writ denied 445 So.2d 1235 (La.1984). Where contentions on appeal are without merit but raise legitimate issues, damages for frivolous appeals are not allowed. Sample v. Sample, 432 So.2d 376 (La.App. 1 Cir.1983). In its judgment, the trial court denied Sherril's request for sanctions under LSA-C.C.P. arts. 863 and 864. Although Ralph's claim has no merit, he raised legitimate issues which preclude an award of attorney's fees for a frivolous appeal.

Appeal Number 92-CA-0717
In appeal number 92-CA-0717 Ralph contends that the trial court erred in awarding an interim housing allowance after the partition of the community property. Although Ralph argues that there is no such thing as an interim housing allowance under Louisiana law, it may be considered as part of the child support or alimony obligation or contemplated to preserve the community as previously discussed. Where the spouses' financial circumstances permit, the child of divorced parents who lives with the mother is entitled to the same standard of living that the child enjoyed while residing with the father. Fraser v. Fraser, 531 So.2d 1097 (La.App. 4 Cir.1988).
As a result of the partition of the community, the family home was designated to Sherril and she assumed the responsibility for the mortgage payments. In the February 1992 judgment, Judge Giarrusso did not designate reimbursement of the first mortgage payments for the family home to Ralph for the three-month period after the partition. If Judge Giarrusso considered the post-partition housing allowance to be a portion of Ralph's child support obligation, she did not find a change in circumstances from her prior November 1990 judgment to increase the child support award. In the March 1992 supplemental reasons for her prior November 1990 judgment, Judge Giarrusso clarified that she did not intend to eliminate or alter the alimony pendente lite award designated in the consent judgment. Therefore, the three-month housing allowance is not part of the alimony pendente lite obligation. The trial court abused its discretion in allocating the three-month housing allowance as part of Ralph's support obligations. The housing allowance was intended to preserve the community which was terminated by the partition. Ruling otherwise is inconsistent with the other judgments.
Therefore Judge Giarrusso's February 1992 judgment is reversed.

Appeal Number 92-CA-2673
In appeal number 92-CA-2673 with respect to Judge Jones' July 1992 judgment (as clarified by the amended judgment of August 1992), Ralph appeals the entire judgment, again contending that the alimony and child support obligations are excessive whereas Sherril argues that they are insufficient. Ralph further avers that Judge Jones erred in finding Ralph in contempt and in failing to increase his visitation time with Michele. Sherril asserts that Judge Jones erred in failing to find a change in circumstances to increase child support. She also contends that the permanent alimony award should be based on her need and extraordinary expenses *318 for attorney's fees, notes, and psychiatric bills.
Ralph asserts that the trial court should not have considered his annual bonus because he did not have access to his bonus on a monthly basis and his bonus was not guaranteed. The child support guidelines are based on gross income figures. LSA-R.S. 9:315(4)(a) provides in pertinent part:
(4) "Gross income means:
(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, worker's compensation benefits, unemployment insurance benefits, disability insurance benefits...." [Emphasis added.]
The trial court properly considered Ralph's bonus as part of his income. Preis v. Preis, 610 So.2d 163 (La.App. 3 Cir.1992), writ denied 612 So.2d 103 (La.1993). In addition to the $1,000 monthly award, the trial court designated the permanent alimony to be paid partially based on ten percent of the year-end-bonus to reflect any fluctuation in the amount of Ralph's bonus.
Ralph again claims that Sherril should have been assessed with the income capacity of an attorney to determine permanent alimony and child support. Sherril argues that this court cannot fix alimony or child support on her anticipated future salary after additional training or education but the court should base Ralph's obligations on her present earning capacity. She further contends that Judge Jones erred in failing to extend additional alimony after divorce for a period while she continued her education for certification as an elementary school teacher. LSA-C.C. art. 112A(2)(c & e). She notes that the court did not take into account additional expenses which she would incur if she became an elementary school teacher. Sherril points out that Ralph did not provide evidence concerning salaries of elementary school teachers on which the trial court could impute an annual income of $23,000.
Dr. Chester Bruno Scrignar, an expert in psychiatry, stress and stress related mental disorders, testified on Ralph's behalf that Sherril was suffering from a generalized anxiety disorder but was not suffering from any severe emotional problems. He opined that she had no significant emotional handicap which would prevent her from engaging in any occupation or activities she would elect. Finding no psychiatric reason for frequent ongoing therapy, he stated that there was no medical necessity for Sherril to continue to receive therapy after the divorce.
Again Dr. H. Gunther Perdigao testified on behalf of Sherril that she needed ongoing therapy, usually consisting of ten sessions a month for two years after the divorce. He opined that she was severely depressed and had a borderline personality disorder. He and Dr. Mollie Wallick felt that Sherril could not practice law in any form because of her personality and found her best suited for being a nursery school teacher where the children and other teachers gave her emotional support and helped stabilize her emotional state.
With respect to Sherril's present part-time annual salary of approximately $10,000 and other circumstances considered, we do not find an abuse of the trial court's discretion in imputing $23,000 income capacity to Sherril for the salary of a full-time elementary school teacher and imputing $172,950 annual income to Ralph. Based on the earning capacity of the spouses, and considering the income, expenses and debts of the parties, we agree with Judge Jones' conclusion that the parties failed to show a change in circumstances warranting a change in child support under the guidelines. LSA-R.S. 9:315 et seq.; Fraser v. Fraser, 531 So.2d 1097 (La. App. 4 Cir.1988). Ralph's child support obligations in the 1990 judgment remain in effect as clarified to include unreimbursed medical expenses relative to Michele's dental and eye care.
Ralph asserts that permanent alimony is based on the recipient's earning capacity and needs which only cover the basic necessities of life. All expenses should be reasonable. Litwin v. Litwin, 501 So.2d 843 (La.App. 4 Cir.1986), writ denied 502 So.2d 578 (La.1987). Ralph again maintains that this court should reject such expenses as cosmetics, dues for the Jewish Community *319 Center, parking, gifts, as well as psychiatric treatments which were covered by insurance but were listed in full on Sherril's list of expenses. Permanent alimony is awarded when a spouse has not been at fault and has not sufficient means for support. LSA-C.C. art. 112. The party seeking post-divorce alimony has the burden of proving necessitous circumstances or lack of means for maintenance. Musselman v. Musselman, 524 So.2d 90 (La.App. 4 Cir.1988). Consideration should be taken that a child of divorced or separated parents is entitled to the same standard of living as if he resided with the father whenever the father's financial circumstances permit. Fraser v. Fraser, 531 So.2d 1097 (La.App. 4 Cir.1988). The receipt of community assets does not necessarily constitute a change in circumstances to eliminate permanent alimony. Dabney v. Dabney, 603 So.2d 786 (La.App. 1 Cir.1992), writ denied 607 So.2d 563 (La.1992). The change of circumstances must be substantial. Crowder v. Crowder, 595 So.2d 810 (La.App. 2 Cir.1992), writ denied 598 So.2d 358 (La.1992). In determining whether a spouse is entitled to alimony, the court shall consider his or her earning capacity in light of all the circumstances. Rovira v. Mire, 587 So.2d 149 (La. App. 4 Cir.1991). The trial court is vested with much discretion in setting alimony and child support, and its decision is entitled to great weight. Shenk v. Shenk, 563 So.2d 1000 (La.App. 4 Cir.1990). The parties did not appeal the finding that Sherril is free from fault. In light of the totality of the circumstances, we conclude that Judge Jones properly found that Sherril did not have sufficient means to support herself and properly awarded permanent alimony. We find no abuse of the trial court's discretion in providing permanent alimony to Sherril in the amount of $1,000 per month plus ten percent of Ralph's net bonus as explained in the amended judgment, as well as unreimbursed psychiatric expenses up to $200 per month for one session per week for one year from the date of the July 1992 judgment.
Sherril argues that the trial court erred in failing to permanently extend the interim housing allowance. As previously discussed, the trial court did not specify whether mortgage payments were designated as alimony, child support or a community debt to preserve the community property pursuant to LSA-C.C. art. 2367. See Martinez v. Martinez, 602 So.2d 725 (La.App. 4 Cir.1992), writs denied 605 So.2d 1129 & 1130 (La. 1992). In light of the fact that Judge Jones did not find a change of circumstances warranting an increase in child support and that the consent judgment as well as Judge Giarrusso's judgment of November 1990 held that Ralph would be responsible for the mortgage payments until the partition of the community and part of the mortgage payments were to be reimbursed to Ralph, we conclude that the mortgage payments were assessed to preserve the community. The trial court did not abuse its discretion in not awarding a housing allowance to Sherril and Michele as alimony and child support after the community was partitioned.
Ralph complains that the trial court erred in finding him in contempt and awarded sanctions and attorney's fees in the July 1992 judgment to compensate for Sherril's attempt to collect overdue arrearages. Ralph argues that he was not responsible for arrearages because he believed that the alimony pendente lite ceased at the time of the November 1990 judgment which did not include an alimony pendente lite award. He avers that in its September 1992 ruling, this court did not consider the issue but deferred it to be determined on appeal.
It is undisputed that Ralph did not pay the $1,450 and other expenses associated with the child support award after Judge Giarrusso's November 1990 judgment but Ralph paid $2,800 monthly alimony pendente lite until January 1992. On February 18, 1992 Ralph commenced paying $1,450 monthly in child support but discontinued paying the $2,800 alimony pendente lite monthly payments. Absent any just cause for the payor spouse's failure to make timely payments, an award for costs and attorney's fees is justified. LSA-R.S. 9:375; Gottsegen v. Gottsegen, 508 So.2d 162 (La.App. 4 Cir. 1987). This court in its ruling of September 18, 1992 found that the silence of the November 1990 judgment did not terminate alimony pendente lite and that the existence and amounts of arrearages determined by Judge *320 Jones in his July 1992 judgment were correct. Ralph's misunderstanding over the amount did not constitute good cause for failure to pay. Hawkins v. Hawkins, 592 So.2d 843 (La.App. 3 Cir.1991). The trial court did not abuse its discretion in awarding attorney's fees and costs to Sherril. Although Ralph's claim had no merit, he raised a legitimate issue on appeal which precludes an award of attorney's fees for a frivolous appeal. LSA-C.C.P. 2164; Sample v. Sample, supra; Michael v. Michael, supra.
Sherril also contends that Judge Jones erred in awarding the dependency tax exemption from the 1992 judgment forward without awarding compensation for Sherril's lost tax benefits. Under LSA-R.S. 9:315.13 the custodial or domiciliary party has the right to claim federal and state tax dependency deductions. Under the Federal Internal Revenue Code Section 152(e), the non-custodian parent may take an exemption if the custodial parent waives her or his right to an exemption. In Rovira v. Rovira, 550 So.2d 1237 (La.App. 4 Cir.1989), writ denied 552 So.2d 398 (La.1989), this court remanded the case for the trial court to order the wife to sign the federal tax form enabling the father to claim the exemptions. In Rovira v. Mire, 587 So.2d 149 (La.App. 4 Cir.1991), on appeal after remand, this court affirmed the trial court's award of compensation to the former wife for the former husband's tax exemptions for the minor children.
When a taxpayer claims a tax exemption for a minor child, a tax reduction results. Because the tax advantage is based on the designation of the child's exemption, any change in the tax dependency allocation should be considered with respect to the child support award. Because Judge Jones found no circumstances to amend the award for child support, Ralph should compensate for Sherril's loss of the tax exemption on a yearly basis. Otherwise a change in child support would occur contrary to the trial court's finding. As the record does not provide a basis for assessing the lost tax benefit to Sherril for Michele, the judgment is amended and the case is remanded to determine the amount of annual compensation that is due.
Finally, Ralph contends that the trial court erred in failing to grant him additional visitation with his daughter. Ralph argues that the trial court did not discuss the child's best interest but erroneously based his decision on the testimony of Dr. Rubin who had not seen Michele as a patient in over a year and who was biased for blaming Ralph for nonpayment of a bill. Judge Jones altered the visitation time, which previously consisted of every other weekend from Saturday at noon through Sunday at 6:00 p.m., to increase the weekend visitation with Ralph including Labor Day weekend, consisting of alternate weekends beginning on Friday at 6:00 p.m. and ending on Sunday at 6:00 p.m. The trial court is vested with much discretion in visitation matters under LSA-C.C. art. 132 and his findings will not be disturbed absent an abuse of discretion. Messina v. Messina, 592 So.2d 920 (La.App. 5 Cir.1991). Dr. Samuel E. Rubin, a child psychiatrist, treated Michele until March 1991. He testified that therapy was definitely indicated and that Ralph tended to deny the seriousness of Michele's anxiety, anger and distress developing from the divorce. Considering Dr. Rubin's testimony, and the totality of circumstances in the best interest of the child, we find no abuse of the trial court's great discretion in determining the father's period of visitation.
Accordingly, in appeal number 91-CA-1623 Judge Giarrusso's November 1990 judgment is affirmed but is amended to include child support payments for all of Michele's unreimbursed dental and eye care expenses to be paid by Ralph.
In appeal number 92-CA-0633 Judge Giarrusso's November 1991 judgment dismissing Ralph's petition for nullity is affirmed.
In appeal number 92-CA-0717 Judge Giarrusso's February 1992 judgment fixing an interim housing allowance for three months is reversed.
Finally, in appeal number 92-CA-2673, Judge Jones' July 1992 judgment is affirmed in part but is clarified to show that Ralph's child support obligation includes all unreimbursed medical expenses relative to Michele's dental and eye care. The case is remanded *321 to determine the amount of Sherril's loss in tax benefits to compensate Sherril for the dependency tax exemption for Michele that was designated to Ralph. Costs of the consolidated appeals are assessed to Ralph.
AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART; AND REMANDED
NOTES
[1] The consent judgment also included the following provisions:

Ralph received a credit of $1,352.80 for funds previously advanced.
Ralph was also to pay $5,400 as alimony pendente lite within seven days of receipt of his 1989 bonus.
Sherril was to pay her psychiatric expenses not covered by insurance.
Ralph agreed to pay all federal and state income taxes attributable as alimony pendente lite and such income tax payments were treated as alimony pendente lite.
Ralph was required to pay all mortgage payments due on the Octavia Street residence and Ralph was entitled to reimbursement for one-half of the principal reduction of the mortgages when the community was partitioned.
Ralph agreed to pay educational expenses not exceeding $700 a month for Michele.
Ralph was allowed to claim the 1988 dependency tax exemption for Michele but was to reimburse Sherril for an amount equal to one-half of the reduction in federal and state income taxes paid by him for Michele's dependency exemption. Ralph was responsible for all 1989 federal and state taxes on his earnings as well.
Ralph was required to maintain medical insurance for Sherril and Michele available through his law firm until the parties were divorced. Ralph agreed to pay routine eye care and dental care for Sherril and Michele until the divorce. Extraordinary expenses for eye or dental care were excluded. Sherril was responsible for the deductible and co-insurance payments for any medical expenses not covered by Ralph's insurance.
Either party could seek a determination de novo of alimony pendente lite and child support after February 1, 1990.
The parties agreed that Judge Robin Giarrusso would retain jurisdiction over the proceeding.
The parties agreed that they would not alienate, dispose of or encumber the community assets and that Ralph would furnish Sherril with monthly copies of statements of community accounts, expenses and related items for filing income tax returns.
[2] In March 1990 Stone, Pigman withdrew from representing Ralph, and Lanny Zatzkis and his associates became Ralph's attorneys.
[3] Judge Giarrusso's November 1990 judgment also included the following provisions:

As part of his child support obligation, Ralph was responsible for educational and camp expenses excluding school or camp uniforms. Further, he was ordered to provide insurance coverage for Michelle, as well as to pay all of Michele's unreimbursed medical expenses including psychiatric expenses for one visit per week for one year from the date of the signing of the judgment. The court noted that it would review the issue of payment of Michele's psychiatric expenses.
Ralph was required to pay $1,500 monthly post-divorce alimony to Sherril for three years from the date of the judgment of divorce, as well as Sherril's unreimbursed psychiatric expenses up to $200 per month for one year after the divorce judgment.
After the three-year period, Ralph was ordered to pay Sherril $1,000 post-divorce alimony until death or remarriage.
Ralph was required to pay the mortgage payments on the Octavia Street home, subject to reimbursement of his half interest pending the partition of the community, as housing expenses for Sherril and Michelle. The judgment stated that Ralph was not entitled to receive rental payments at the time of the partition.
Ralph's request for use and occupancy of the family home was denied.
[4] Judge Jones' July 1992 judgment provided:

A judgment of divorce was granted to Ralph.
Permanent alimony was set at $1,000 per month plus ten percent of Ralph's net bonus (gross bonus minus any mandatory deductions).
$200 monthly psychiatric unreimbursed expenditure was awarded to Sherril for one year.
The parties' requests for increase or decrease in child support was denied based on a finding of no change in circumstances.
The housing allowance was discontinued.
The $2,800 monthly alimony pendente lite in the consent judgment was still in force until the divorce.
Ralph was held in contempt for violating the alimony provisions of the consent judgment and the child support provisions of the November 1990 judgment.
Ralph owed $14,933 in arrearages for alimony pendente lite and $34,800 past due child support, plus interest and $10,000 in costs and attorney's fees to Sherril.
Ralph was granted reimbursement of one-half of the mortgage payments with the amount to be determined pending an evidentiary hearing.
Sherril's request for payment of Michelle's psychiatric treatment was denied.
Ralph was granted the dependency tax exemption for Michele and Sherril was ordered to execute the waiver required by the federal government.
Ralph's visitation was altered in part.
The exhibit for Ralph's fee agreement with Lanny Zatzkis was excluded from evidence and the trial court ordered a later hearing on sanctions. [Sanctions awarded in November 1992 are the subject of a separate appeal.]
[5] Finding that Ralph's petition for nullity had prescribed, the trial court did not consider Sherril's contention that Ralph could not raise an action for nullity based on fraud or ill practices under LSA-C.C.P. art. 2004 by "collateral attack". Ralph's attempt to urge this nullity in the trial court should be considered a "direct action." As this court noted in Succession of Schulz, 622 So.2d 693 (La.App. 4 Cir.1993), there have been some cases, which without foundation have implied that an attempt to assert an LSA-C.C.P. art. 2004 action for nullity for fraud or ill practices in the same proceedings in which the judgment was rendered is a "collateral" attack and not a "direct" action as is required. It is further implied that "direct" action means the filing of a new proceeding, with a new number, etc. We agree that filing a separate proceeding would be a direct action. But a pleading filed in the same proceeding as that in which the offending judgment was rendered would not only be "direct", but most direct. The limitation envisioned by LSA-C.C.P. art. 2004 Comment (d) was one which prevents the nullity from being asserted in a totally unrelated proceeding, i.e., a collateral proceedingnot a prohibition against raising it in the very same proceeding in which it was rendered, which is arguably the best place to raise it.