802 So.2d 837 (2001)
Mercedes BAIN and Imported Specialists, Inc., d/b/a L.A. Smoothie Cafe on the Avenue
v.
Stanton L. MIDDLETON, III, Canal-St. Charles Joint Venture, LA. Smoothie Corp., Smoothie Franchises, Inc. and K.B.R., Inc.
No. 2000-CA-2630.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 2001.
Hugh D. Aldige', and James A. Harry, Metairie, LA, Counsel For Plaintiff/Appellee.
*838 Kyle Schonekas, Thomas M. McEachin, Schonekas, Winsberg, Evans & McGoey, L.L.C., New Orleans, LA, Counsel For Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge JOAN BERNARD ARMSTRONG, Judge TERRI F. LOVE.
BYRNES, Chief Judge.
The defendants-appellants, Stanton L. Middleton, III, Canal-St. Charles Joint Venture, L.A. Smoothie Corp., L.A. Smoothie Franchises, Inc., and K.B.R., Inc., appeal a judgment awarding the plaintiff, Mercedes Bain $27,214.61, plus attorney's fees, costs and interest. Defendants' reconventional demand was dismissed with prejudice. The other joint plaintiff[1], Imported Specialists, Inc., d/b/a L.A. Smoothie Café on the Avenue, was not mentioned in the judgment and did not appeal.[2] Accordingly, we will treat the claim of Imported Specialists as having been dismissed with prejudice.
Ms. Bain did not appeal, or answer the appeal. Instead, she specifically stated in brief that: "Plaintiff/Appellee has made no assignments of error."
Plaintiffs, Mercedes Bain and Imported Specialists, Inc., sued the aforementioned defendants-appellants for loss of earnings, loss of business good will, loss of income, humiliation and embarrassment, loss of personal property, theft by conversion, attorneys' fees and other unspecified damages in connection the sublease of space at 700 Canal Street as well as the purchase of an L.A. Smoothie franchise along with all furniture, fixtures, equipment, and inventory on the subleased premises. Plaintiffs' petition also alleged that defendants represented to plaintiffs that there was no impediment to serving alcohol on the premises and that the defendant, Stanton L. Middleton, III would secure the necessary permit for Imported Specialist, Inc. to serve alcohol on the premises. It is significant that the plaintiffs' petition specifies that both the sublease transaction and the purchase of the franchise and contents of the premises at 700 Canal Street were entered into by the plaintiff, Imported Specialist, Inc. The individually named plaintiff, Mercedes Bain, is not alleged to be a party to either of the transactions that form the basis of this suit. The petition describes Mercedes Bain only as a resident of the parish of Jefferson. There are no allegations establishing her interest in any of these transactions.
Imported Specialists, Inc. d/b/a L.A. Smoothie Café on the Avenue, listed Ms. Bain as the incorporator, registered agent, and sole director.
In late 1994, while Bain was working for the defendant, Smoothie Franchises, as the receptionist, she approached the defendant, Stanton L. Middleton, III, on behalf of a friend, Stewart Hoehl, who was interested in opening a smoothie franchise. Bain does not deny that Hoehl held himself out as president of Imported Specialists. On December 1, 1994, the defendant, Canal-St. Charles, represented by Middleton as president of its manager, Smoothie *839 Corp., agreed to sell[3] "all of the furniture, fixtures, equipment, and inventory located at 700 Canal Street, New Orleans, Louisiana" for $75,000.00 cash to Imported Specialist. Hoehl signed as president of Imported. It is uncontested that at all times neither Hoehl nor Bain ever indicated that Bain had any interest in the transaction. Ms. Bain was shown as a witness on the documents, but admitted on cross-examination that she appeared as such at the request of Mr. Middleton because of her employment with the defendant, L.A. Smoothie Corporation, not because of any interest she may have had in the plaintiff, Imported Specialists, Inc. She also admitted that:
[The documents were] executed by Imported Specialist with Stewart Hoehl acting as agent to go and make the contract.
It was only after the execution of the Agreement to Purchase and Franchise Agreement that the defendants became aware that Bain had any interest in Imported.
At the same time, the defendant, Canal-St. Charles, entered into a sublease of the 700 Canal Street location with Hoehl. The primary lease was between Smoothie Corp. as lessee and the Pickwick Club as lessor.
Imported Specialists was often late on its monthly rental payments. The Pickwick Club called the defendants monthly requesting the late rent. In those months when the plaintiffs did not pay at all, the defendants had to make the payments. Plaintiffs never reimbursed the defendants for these payments.
Eventually, the manager of the Pickwick Club called Smoothie Corp.'s offices expressing great concern because the leased premises had been emptied out and gone dark. Middleton, on behalf of defendants, had the lock changed to prevent the removal of equipment that had not yet been paid for under the purchase agreement. Subsequently, Middleton made phone calls and sent letters to Hoehl and Bain asking them to contact him to arrange for the removal of personal items remaining on the premises. Bain did not respond to this correspondence, but she did admit that the only personal items she had on the premises were a desk and chairs.
The defendants filed a reconventional demand seeking payment of the money owed under the Purchase Agreement and Franchise Agreement, as well as damages caused by Imported's failure to fulfill its obligations under these agreements. The defendants also filed an exception of no cause of action on the grounds that the plaintiffs had not stated a cause of action against Middleton individually because all relevant acts performed by him were performed in his corporate capacity. As the record is silent as to the disposition of this exception, it will be assumed that it was referred to the merits. Subsequently, the defendants filed an exception of no right of action contending that Bain and Imported lacked the standing or capacity to bring their claims because Bain was not a party to the contracts and Imported was not incorporated until three weeks after the contracts were executed. Without hearing the exception, the trial court ex parte denied it as untimely.
The trial court judgement was in favor of Bain only. As mentioned previously, Imported is not referred to in the judgment. But even Bain testified that the sublessee was Imported: "That was who the sublessee was to Imported Specialist. [Sic]" Hoehl executed the contracts as president of Imported. Although Imported *840 was not incorporated until a few days after the execution of the documents executed in its name, it is not suggested that it was ever Bain's intention to execute the documents in her name individually.
Bain does not contest the rule of law that only a corporation has the procedural capacity to sue to enforce its rights. Instead, Bain argues for the first time on this appeal that the cessation of the business at the subleased location constituted a dissolution of Imported's corporate entity with the result that all of Imported's property and legal rights devolved onto Bain as the sole owner of the corporation. However, the cessation of business operations at a certain location does not have the legal effect of a corporate dissolution. Dissolution only takes effect when the requirements of LSA-R.S. 12:141-12:148 have been met. There is no evidence in the record that such requirements were met.
The trial court, in its reason for judgment, found for Bain on the basis of wrongful eviction. However, Bain was not a tenant of the premises, Imported was. Only Imported could maintain an action for wrongful eviction and Imported is not a party to this appeal.
Moreover, the trial court's reasons for judgment also state that the award to the plaintiff represents "monies paid for equipment that [Bain] lost at the time of the wrongful eviction." There is no evidence that Bain owned any equipment on the premises in her individual capacity, and the only evidence concerning personal property she might own individually was her testimony to the effect that: "I had a desk, chairs upstairs, those kinds of personal items." Plaintiff offered no evidence of the value of the desk and chairs, not even personal opinion. There is no evidence to support the trial court award of damages to Bain "for equipment that plaintiff lost at the time of the wrongful eviction."
There is also no evidence to support the trail court's finding that Bain was wrongfully evicted. All the evidence indicates that the premises were occupied by Imported as lessee and that Bain never occupied the premises in her individual capacity. The only party with a right to bring a claim for wrongful eviction is Imported and Imported is not a party to this appeal.
The defendants made no mention of their reconventional demand in their original brief. They bring it up seemingly only as an afterthought in their reply brief where they contend that the trial court should have granted their reconventional demand. Only Mr. Middleton testified in support of the defendants' reconventional demand. His testimony was vague and inconclusive and insufficient to bear the defendants' burden of proof. For example, Mr. Middleton testified that L.A. Smoothie Franchise had to issue checks to cover the rent on the primary lease to the Pickwick Club when the defendant, Imported Specialist, failed to make its payments under the sublease in a timely manner. However, Mr. Middleton admitted that L.A. Smoothie was reimbursed for some of these payments, but he couldn't recall how much. Later, he testified that he thought that approximately $5,000.00 in rents was owed by Imported Specialist. This testimony along with the rest of his testimony is imprecise and unpersuasive regardless of the standard of review employed. Therefore, we find no error in the trial court's decision not to rule in favor of the defendants on their reconventional demand.
For the foregoing reasons, the judgment of the trial court is reversed to the extent that it awarded damages in favor of the *841 plaintiff, Bain, but it is affirmed to the extent that it dismissed defendants' reconventional demand and implicitly dismissed the claim of the plaintiff, Imported Specialists, Inc.
JUDGMENT REVERSED IN PART AND AFFIRMED IN PART.
NOTES
[1] Hereafter, all references to "the plaintiff" or "plaintiff" are references exclusively to Mercedes Bain unless Imported Specialists, Inc. is referred to by name.
[2] When a judgment is silent with respect to a party's claim, it is presumed that the trial court denied the relief sought. Zatzkis v. Zatzkis, 632 So.2d 307 (La.App. 4 Cir.1993). There is nothing in the record indicating that the trial judge did not intend to dispose of the entire case when she signed the judgment.
[3] This document is entitled, "Agreement to Purchase."