978 So.2d 1018 (2008)
John Hartson LEARY
v.
Robert M. FOLEY and The Talley Ho Club.
No. 2007-CA-0751.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 2008.
Joe M. Inabnett, New Orleans, LA, for Plaintiff/Appellant.
Frederick W. Bradley, King, Leblanc and Bland, New Orleans, LA, for Defendants/Appellees.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES and Judge LEON A. CANNIZZARO JR.).
JOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiff-appellant, John Hartson Leary, appeals a judgment signed on March 2, 2007, in favor of the defendants-appellees, Robert M. Foley and The Tally-Ho Club, dismissing with prejudice in its entirety plaintiff's suit against the defendants with each party to bear their respective costs.
Essentially, the plaintiff is suing for his wrongful expulsion from The Tally-Ho Club, a private non-profit incorporated social *1020 club. Robert M. Foley was the "Captain" or chief executive officer of the club.
These proceedings originally commenced with the filing on June 12, 2003, of the plaintiff's "Petition for Writ of Mandamus," asking for the right to inspect club records, which was followed on June 26, 2003, by plaintiff's petition for damages and petition for temporary restraining order and rule for preliminary injunction.
On October 21, 2003, the trial court signed a judgment granting the plaintiff's writ of mandamus by ordering the defendants to produce certain records for inspection and copying by the plaintiff, and concluding with the statement that: "All other rights in the premises are reserved to the parties."
The defendants appealed that judgment unsuccessfully to this Court which affirmed the judgment of the trial court. Leary v. Foley, 03-2132 (La.App. 4 Cir. 9/14/04), 884 So.2d 655.
On December 10, 2004, plaintiff's counsel filed a "Joint Motion to Continue Hearing on Plaintiff's Motion for Preliminary Injunction" in which it was stated that "the parties are cooperating in response to the Judgment of this Honorable Court, affirmed by the Court of Appeal," and that "the parties shall continue to abide by the letter agreement of July 3, 2003 . . ." Pursuant to this motion, the trial court granted a continuance until April 29, 2005.
On January 26, 2005, the trial court signed an order granting the plaintiff the right to file a supplemental and amending petition. The defendants filed their answer on February 2, 2005.
On April 10, 2006, the defendants filed a motion for partial summary judgment on the issues of whether the plaintiff had a direct monetary interest in the club assets by virtue of his one share of stock; whether the plaintiff had been defamed; and plaintiff's claim that Robert Foley is liable to him in his individual capacity.
On June 23, 2006, the trial court rendered a judgment granting the defendants' partial motion for summary judgment as to the issue of the plaintiff's claim to a direct ownership interest of club assets by virtue of his one share of stock; but the trial court denied the balance of the defendants' requested relief. The defendants applied to this Court for writs regarding the denial of the last two issues raised by their motion for partial summary judgment. On August 23, 2006, this Court denied the defendants' writ application. Leary v. Foley, et al., 2006-C-0919, unpub.
On July 17, 2006, the trial court issued an order fixing the trial on the merits for February 5, 2007. This hearing resulted in the judgment that forms the basis of the instant appeal.
In the trial court's judgment, which incorporated the reasons for judgment, the trial court noted that the plaintiff withdrew his claims for defamation and, accordingly dismissed those claims with prejudice.
The trial court held that "there is no tort action for damages under Louisiana law for the alleged wrongful expulsion of a member from a private social club." The trial court held that the only remedy would be one of mandamus. We agree. The plaintiff has cited no case which has held to the contrary. In Schexnayder v. Vacherie Volunteer Fire Dept. No. 1, 491 So.2d 1322 (La.1986), the Louisiana Supreme Court held that the resolutions resulting in the expulsion of the plaintiffs from the non-profit Vacherie Volunteer Fire Department No. 1 were illegal, reversing the judgments of the trial and appellate courts in that regard. However, the Supreme Court affirmed that portion of the trial court and appellate court judgments denying *1021 the plaintiffs' claim for damages. Therefore, we find that Schexnayder supports the decision of the trial court and this Court in the instant case to deny the plaintiff's claim for damages for wrongful expulsion.
The cases cited by the plaintiff[1] in support of his claim for damages involve claims against shareholder/officers who handled corporate finances improperly  they were not cases of wrongful expulsion from a social club.
Accordingly, we agree with the trial court that Louisiana does not provide a cause of action for damages for wrongful expulsion from a private social club.
The trial court judgment does not specifically address the plaintiff's claim for damages under La. R.S. 12:264 B for wrongfully refusing to allow the plaintiff to inspect the corporate records pursuant to La. R.S. 12:223 C. However, the trial court dismissed the plaintiff's claims in their entirety. Generally when a judgment is silent with respect to a party's claim, it is presumed that the trial court denied the relief sought. Bain v. Middleton, 00-2630, p. 1, fn. 2 (La.App. 4 Cir. 11/14/01), 802 So.2d 837, 838, citing Zatzkis v. Zatzkis, 632 So.2d 307, 313 (La.App. 4 Cir.1993). Such silence constitutes an absolute rejection of such demand. Sun Finance Co., Inc. v. Jackson, 525 So.2d 532, 533 (La. 1988). Silence in a judgment as to any part of a demand is construed as a rejection of that part of the claim. Day v. Warren, 524 So.2d 1383, 1388 (La.App. 1 Cir.1988). Therefore, we must assume that when the trial court judgment declares that, "the plaintiff's suit is hereby dismissed in its entirety with prejudice," that dismissal included the plaintiff's claim for damages pursuant to La. R.S. 12:264 B.
The plaintiff argues in brief that the "district court erred in refusing to hear Leary's proof of the extent of those damages which he seeks under La. R.S. 12:264(B)." We find nothing in the record, either explicit or implicit, tending to show that the plaintiff was ever given the opportunity to present this claim on the merits. The defendant does not contend that Louisiana provides no cause of action for such damages, if proven. La. R.S. 12:264 B provides for damages for the wrongful denial of the right to inspect corporate records:
B. Any corporation, or any officer or agent thereof, which or who shall in bad faith refuse to permit the exercise of inspection rights pursuant to R.S. 12:223(C), shall be liable to the member or members seeking to exercise such rights to the extent of the costs and expenses of any proceeding necessary to enforce such inspection rights, and for any other damages actually sustained by such member or members.
The defendants first argue that the plaintiff's claim is meritless in this regard, which it may well be, but we cannot make that determination from the record before us. There has been no trial of this issue.
Next the defendants argue that the plaintiff should be barred by res judicata from raising this issue as it is now foreclosed by the judgment on his "Petition for Writ of Mandamus," which is silent on the issue, thereby implicitly denying his claim in this regard pursuant to Bain; Zatzkis; Sun Finance and Day, supra.
In the plaintiff's "Petition for Writ of Mandamus," the only relief prayed for by the plaintiff was for the right to examine the club records. The "Petition for *1022 Writ of Mandamus" contains no allegations of damages. His claim for damages was asserted in his original petition filed on June 27, 2003, and in his supplemental and amending petition filed on January 19, 2005. We can find no procedural requirement that his claim for damages be asserted in his "Petition for Writ of Mandamus" rather than in his main demand. Therefore, we do not find that the judgment and appeal concerning the writ of mandamus were dispositive of the plaintiff's claim for damages under La. R.S. 12:264 B. This finding is reinforced by the language in the trial court's judgment granting the writ of mandamus reserving all other rights to the parties. Consequently, we are compelled to find that the plaintiff is entitled to have his day in court concerning this claim.
For the foregoing reasons, the judgment of the trial court is affirmed with the exception that the case shall be remanded to allow the plaintiff a hearing on the issue of damages under La. R.S. 12:264 B.
AFFIRMED IN PART AND REMANDED IN PART.
CANNIZZARO, J., concurs with reasons.
I respectfully concur with the majority opinion to affirm the judgment of the trial court and remand the matter for a hearing on the issue of damages under La. R.S. 12:264(B). However, while I agree that the facts as alleged by Mr. Leary in his petition for damages, as amended and supplemented, do not state a cause of action for the "wrongful expulsion" of his membership in the Tally-Ho Club, I cannot say that Louisiana law does not provide a cause of action for damages for the wrongful expulsion from a private social club.
NOTES
[1] Noe v. Roussel, 310 So.2d 806 (La.1975); Hirsch v. Cahn Electric Co., 694 So.2d 636 (La.App. 2 Cir. 1997); Mary v. Lupin Foundation, 609 So.2d 184 (La.1992).