24 So.3d 255 (2009)
Fred CARTER
v.
DEPARTMENT OF POLICE.
No. 2009-CA-0723.
Court of Appeal of Louisiana, Fourth Circuit.
October 21, 2009.
*256 Gary M. Pendergast, Gary M. Pendergast, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD).
TERRI F. LOVE, Judge.
Officer Fred Carter, an employee of the New Orleans Police Department (NOPD), seeks reversal of the decision of the Civil Service Commission (Commission), denying his appeal of the discipline imposed by the appointing authority, the NOPD. We find that Officer Carter was prejudiced by the delay between the alleged incident and the NOPD's failure to complete the investigation within sixty days as required by law and reverse the Commission's decision.

FACTUAL AND PROCEDURAL BACKGROUND
The NOPD disciplined Officer Fred Carter for allegedly violating the NOPD rule relative to mandatory court appearance. The NOPD alleged Officer Carter received a subpoena, but then failed to appear in court the morning of July 6, 2005. The NOPD conducted a pre-disciplinary hearing on August 17, 2006. The NOPD concluded that Officer Carter presented nothing which would tend to mitigate, justify or explain Officer Carter's failure to appear. The NOPD found this was Officer Carter's second such offense and imposed a five-day suspension.
To contest the suspension, Officer Carter filed an appeal with the Commission. At the hearing held on December 7, 2006, the NOPD called Officer Carter. Officer Carter testified that he did not recall failing to appear on July 6, 2005, stating, "[b]ut that's what I'm being charged accused of, so I guess I did." Officer Carter indicated that he did not recall what he was doing on July 6, 2005. Officer Carter, referring to the statement given to the Public Integrity Bureau, testified *257 that he did not give a statement as to why he missed court during the pre-disciplinary hearing. Officer Carter testified that he was prejudiced by the delay between the alleged incident and the failure to complete the investigation within the sixty days required by law.
The Commission issued a decision denying Officer Carter's appeal, thus upholding the discipline imposed by the NOPD. From that decision, Officer Carter appeals to this Court.

STANDARD OF REVIEW
The Commission has authority to "hear and decide" disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const. art. X, § 12; Pope v. New Orleans Police Dept., XXXX-XXXX, p. 5 (La. App. 4 Cir. 4/20/05), 903 So.2d 1, 4. The appointing authority is charged with the operation of its department, and it is within its discretion to discipline an employee for sufficient cause. The Commission is not charged with such discipline. The authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Pope, XXXX-XXXX, pp. 5-6, 903 So.2d at 4.
The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Cure v. Dept. of Police, XXXX-XXXX, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, XXXX-XXXX, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. The protection of civil service employees is only against firing (or other discipline) without cause. La. Const. art. X, § 12; Cornelius v. Dept. of Police, XXXX-XXXX, p. 7 (La. App. 4 Cir. 3/19/08), 981 So.2d 720, 724, citing Fihlman v. New Orleans Police Dept., 2000-2360, p. 5 (La.App. 4 Cir. 10/31/01), 797 So.2d 783, 787.
The decision of the Commission is subject to review on any question of law or fact upon appeal to this court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. art. X, § 12; Cure, XXXX-XXXX, p. 2, 964 So.2d at 1094. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this court should not modify the Commission order unless it was arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision of the Commission is "arbitrary and capricious" if there is no rational basis for the action taken by the Commission. Cure, XXXX-XXXX, p. 2, 964 So.2d at 1095.

PREJUDICIAL DELAY
Officer Carter argues he was prejudiced by the delay between the alleged incident and the failure to timely complete the investigation. Louisiana law requires that an investigation of a police officer be completed within sixty days from commencement. La. R.S. 40:2531.[1] Specifically, La. R.S. 40:2531 provides in pertinent part:
B. Whenever a law enforcement officer is under investigation, the following minimum standards shall apply:
. . . .

*258 (7) Except as otherwise provided in this Paragraph, each investigation of a law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. (Emphasis added).
La. R.S. 40:2531(B)(7).
The Louisiana Supreme Court found that the failure to comply with the sixty-day investigatory period required by La. R.S. 40:2531 is relevant as to whether the appellant is prejudiced by that failure, but does not require summary dismissal. Marks v. NOPD, XXXX-XXXX, p. 12 (La.11/29/06), 943 So.2d 1028, 1036. In Marks, the NOPD terminated the appellant for unpermitted use of police vehicle. Id., p. 2, 943 So.2d at 1030. An investigation commenced on November 12, 2002. Id. On January, 13, 2003, just beyond the sixty-day time period, a request was made for additional time to complete the investigation. Id., pp. 2-3, 943 So.2d at 1030-31. The request for additional time was denied. On August 13, 2003, the NOPD received the complete report. Id.
The Commission concluded the Officer Marks failed to demonstrate that he was prejudiced by the NOPD's failure to comply with the sixty-day investigatory time period requirement. Id., p. 6, 943 So.2d at 1033. This Court reversed the Commission's decision, finding that it was bound by the language of the statute. Id., pp. 5-6, 943 So.2d at 1032. The Supreme Court reversed that decision and remanded the matter, finding that the failure to comply with the sixty-day investigatory time period does not require summary dismissal of the disciplinary action but rather requires the determination of whether the employee was prejudiced by the failure to comply. Id., p. 12, 943 So.2d at 1036.
Under Louisiana law, an investigation is considered complete upon notice to the police employee of a pre-disciplinary hearing. La. R.S. 40:2531(B)(7). In the instant matter, the NOPD issued a disciplinary letter dated September 25, 2006, which indicated a pre-disciplinary hearing was held on August 17, 2006.
The NOPD alleged that Officer Carter received a subpoena, however he failed to appear in court the morning of July 6, 2005. Officer Carter's testimony elicited that approximately one month later, on August 2, 2005, he gave the NOPD a statement on the alleged missed court date. As the statement was not admitted into evidence, we are limited to Officer Carter's testimony. Officer Carter testified that the statement did not state why he missed court. The NOPD presented no other witnesses or evidence concerning the facts of this case.[2]
We find that the NOPD failed to prove that the notice of the pre-disciplinary hearing issued to Officer Carter in September 2006, occurred within the sixty-day investigatory period that commenced in 2005. The fact that Officer Carter gave the NOPD a statement on the alleged missed court date in 2005 evidences that the investigatory period commenced in 2005. The September 2006 disciplinary letter signaled the completion of the NOPD's investigation, and given that, we find that the sixty-day investigatory time limit was exceeded.
Officer Carter testified that he was prejudiced by the investigatory delay in that he was unable to recall the reason for his absence from court on July 6, 2005. The acceptable reasons for missing a mandatory court appearance are few. However, they exist. We find Officer Carter was *259 prejudiced by the failure to comply with the sixty-day time period provided by La. R.S. 40:2531 in that Officer Carter was not allowed to provide a defense or offer mitigating circumstances. While the delay is understandable considering the conditions presented by the aftermath of Hurricane Katrina, it is also understandable that Officer Carter would have trouble recalling a missed court date which occurred some seventeen months prior to the December 7, 2006 hearing date.
Further, while Louisiana law requires a determination of whether the employee was prejudiced by the failure to comply with the sixty-day investigatory time period, reference to prejudice or lack thereof is absent from the Commission's reasons for denying Officer Carter's appeal. Silence in a judgment on any issue that has been placed before the court is deemed a rejection of the claim. See Caro v. Caro, 95-0173, p. 6 (La.App. 1 Cir. 10/6/95), 671 So.2d 516, 520; Leary v. Foley, 03-0751, p. 4 (La.App. 4 Cir. 2/13/08), 978 So.2d 1018, 1021, citing Bain v. Middleton, 00-2630, p. 1, fn. 2 (La.App. 4 Cir. 11/14/01), 802 So.2d 837, 838, citing Zatzkis v. Zatzkis, 632 So.2d 307, 313 (La.App. 4 Cir.1993). Further, a court's silence on an issue has been construed as a tacit finding on that issue. See Rodsuwan v. Christus Health Northern La., 41,043, p. 8 (La.App. 2 Cir. 5/17/06), 930 So.2d 1116, 1120. We find that the Commission acted arbitrarily and capriciously in denying Officer Carter's appeal.

DECREE
Accordingly, the decision of the Commission is reversed.
REVERSED.
LOMBARD, J., Dissents.
LOMBARD, J., Dissents.
Officer Carter was suspended for five days for failing to appear for a court appearance, his second violation of a NOPD rule pertaining to mandatory court appearance. The Commission rejected his appeal of the disciplinary 5-day suspension imposed by the NOPD and, after review of the record in light of the applicable law, I would affirm this decision.
The failure to comply with the sixty-day investigation period does not mandate dismissal but is relevant to the issue of whether the appellant was prejudiced by the delay. See Davis v. New Orleans Police Dept., 04-1023 (La.App. 4 Cir. 2/2/05), 899 So.2d 37 (60 day investigatory period mandatory unless extension requested), abrogated by Marks v. New Orleans Police Dept., 06-0575 (La.11/29/06), 943 So.2d 1028 (language in La. Rev.Stat. 40:2531(B)(7) is directory not mandatory). "When a judgment is silent with respect to any demand which was at issue under the pleadings, the silence constitutes an absolute rejection of the demand." Rodsuwan v. Christus Health Northern La., 41,043, p. 8 (La. App. 2 Cir. 5/17/06), 930 So.2d 1116, 1120 (citing Sun Finance Co. v. Jackson, 525 So.2d 532 (La.1988)). Accordingly, the Commission's failure to make a finding of prejudice is deemed an absolute rejection of that claim, a finding we review for manifest error. As noted by the majority, the only evidence of prejudice in the record is Officer Carter's statement that he was unable to recall the reasons for his absence from court on July 6, 2005. Under our standard of review, I do not find this a sufficient basis to make a finding that Officer Carter was prejudiced by the delay or that the Commission acted arbitrary and capricious in denying his appeal. Accordingly, I respectfully dissent.
NOTES
[1] The Louisiana legislature, in 2007, amended the statute to provide that no disciplinary action can be taken against a police officer when the investigation is not timely completed. As the incident at issue occurred before the amendment, the jurisprudence interpreting the statute applies.
[2] The NOPD called Sgt. Nevil as a witness, but Sgt. Nevil's testimony was limited to the reason for the enforcement of the mandatory court appearance rule and the discipline imposed for violation of the rule.